UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

ANDREW NICCADEMOUS TYLER,

        Petitioner,

v.                                              **ORDER**
                                                                Civil File No. 05-763 (MJD/RLE)

ACTING WARDEN J. F. CARAWAY,

        Respondent.
_____

Andrew Niccademous Tyler, pro se.

Lisa D. Kirkpatrick, Assistant United States Attorney, Counsel for Respondent.
_____

## I.   INTRODUCTION

The above-entitled matter comes before the Court upon the following motions by Petitioner Andrew Niccademous Tyler: Motion to Compel Compliance with Order [Docket No. 29], Motion to Compel Compliance with Order - Addendum [Docket No. 35], and Motion Revealing Perjury Regarding Evaluation and Good Faith Consideration [Docket No. 37].

## II.  BACKGROUND

On April 15, 2005, Petitioner Andrew Niccademous Tyler filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  Tyler alleged that the Federal

Bureau of Prisons ("BOP") wrongly denied his request to be transferred to a Community Corrections Center ("CCC"), now referred to as a Residential Reentry Center ("RRC"). On February 10, 2000, Tyler was sentenced to 120 months in prison for Possession with Intent to Distribute Cocaine Base. Based on good conduct time, his projected release date is November 12, 2008. In his Petition, Tyler challenged BOP policy limiting RRC placement to the lesser of the last six months of imprisonment or ten percent of an inmate's sentence. The history of the BOP policy is fully detailed in the Chief Magistrate Judge's Report and Recommendation, issued January 20, 2006.

On February 27, 2006, the Court adopted the Chief Magistrate Judge's Report and Recommendation and granted the Petition for a Writ of Habeas Corpus. Further, the Court ordered:

> Respondent is directed to reconsider the date when Petitioner should be assigned to a Community Corrections Center, in light of the criteria set forth in 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. §§ 570.20 and .21. Respondent's decision shall be filed with the Court within twenty-one days of the date of this Order.

In relevant part, § 3621(b) provides:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering–

>    (1) the resources of the facility contemplated;
>
>    (2) the nature and circumstances of the offense;
>
>    (3) the history and characteristics of the prisoner;
>
>    (4) any statement by the court that imposed the sentence--
>
>>    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>>    (B) recommending a type of penal or correctional facility as appropriate; and
>
>    (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

On March 16, 2006, the Government filed the Declaration of Ann C. Kinyon, a paralegal specialist for the Federal Bureau of Prisons' Consolidated Litigation Center for Minnesota.  Kinyon averred that the BOP had complied with the Court's Order and reconsidered Tyler for RRC placement under the criteria set forth in 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. §§ 570.20 and 570.21.  Kinyon further averred that Tyler was eligible for six months RRC placement, the maximum permitted under 18 U.S.C. § 3624(c).  Section 3624(c) provides:

>  The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

Kinyon concluded that, because Tyler's release date is not until November 12, 2008, no recommendation or final decision on RRC placement will be made until he is within eleven to thirteen months of release.

On March 23, 2006, Tyler filed a Motion to Compel Compliance with Order. In this motion, Tyler asserted that § 3624(c) is superceded by § 3621(b). Thus, he claimed that the BOP ignored the Court's Order by inappropriately applying the § 3624(c) six-month limit when reconsidering his request for RRC placement. Tyler requested that the Court grant a permanent injunction and writ of mandamus against Respondent and that he be immediately transferred to home confinement.

On April 19, 2006, the Government responded to the Motion to Compel by stating that it had again re-evaluated Tyler's request for RRC placement in light of the April 6, 2006 Eighth Circuit decision, Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006). In Fults, the court held that the BOP's regulation categorically limiting RRC placement to the lesser of six months or the last ten percent of the inmate's sentence is invalid because it conflicts with the BOP's obligation to consider § 3621(b)'s five factors when determining correctional facility placement. Id. at 1092.

The Government submitted the Declaration of David Baker, Unit Manager at FPC Duluth. Baker averred that the BOP has now reconsidered Tyler's request

pursuant to the five factors listed in 18 U.S.C. § 3621(b).  In his declaration, Baker analyzes each of the factors.  Based on these factors, including the fact that Tyler's offense included drugs and a loaded firearm, the BOP determined that six months of RRC placement would be appropriate.

On April 20, 2006, Tyler filed Motion to Compel Compliance with Order - Addendum.  Tyler again asserted that he should be immediately placed on home confinement and that the BOP continued to only consider his eligibility up to six months.

On April 26, 2006, Tyler filed Motion Revealing Perjury Regarding Evaluation and Good Faith Consideration of § 3621(b) and 3624(c).  Tyler objected to Baker's declaration as unfairly maligning his character.  Further, Tyler alleged that Baker executed the Declaration in bad faith.  Tyler has also filed additional documents with the Court, which the Court has considered when ruling on the motions before it.

## III.    DISCUSSION

The Court concludes that the BOP has fulfilled its obligation under the Court's February 27, 2006 Order by, in good faith, reconsidering the date when Petitioner should be assigned to an RRC, in light of the criteria set forth in 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. §§ 570.20 and .21.

> [T]he BOP may transfer an inmate to a CCC or like facility prior to
> the last six months or ten percent of his sentence.  In exercising its

>discretion in this matter, the BOP must consider the factors set forth in § 3621(b).  However, that the BOP may assign a prisoner to a CCC does not mean that it must.  Therefore, the appropriate remedy is an order requiring the BOP to consider--in good faith--whether or not [an inmate] should be transferred to a CCC.  In making this decision, the BOP should consider the sentencing judge's recommendation and the other § 3621 factors, as well as any other appropriate factors the BOP routinely considers.  This should be done without reference to the BOP's 2002 and 2005 policies.

Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 251 (3d Cir. 2005), cited with approval in Fults v. Sanders, 442 F.3d 1088, 1091-92 (8th Cir. 2006).  Under the BOP policy now applicable in light of the rejection of its 2002 and 2005 RRC policies, inmates such as Tyler "would not be considered for CCC placement prior to the final 180 days of their sentence, except 'with extraordinary justification.'"  Levine v. Apker, 455 F.3d 71, 79 n.5 (2d Cir. 2006).  See, e.g., Velasquez v. Morrison, Civil No. 06-533 (PAM/SRN), 2006 WL 2193061, at *3 (D. Minn. Aug. 2, 2006) (unpublished) (same).

In this case, the BOP has analyzed Tyler's request under the five relevant factors and, based on those factors, determined that RRC placement of six months is appropriate.  The Court concludes that the BOP has complied with its obligation under the Court's Order.  Cf. Hosna v. Groose, 80 F.3d 298, 303 (8th Cir. 1996) (noting that federal courts should afford prison officials deference and flexibility in prison administration).  Additionally, the Court notes that Tyler has not shown extraordinary justification for RRC placement of more than six months.

The Court also concludes that Tyler has not shown that Baker's declaration recounts facts relating to Tyler that are false or that it contains facts beyond those necessary to make a complete placement evaluation under § 3621(b)

According, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Andrew Niccademous Tyler's Motion to Compel Compliance with Order [Docket No. 29] is **DENIED AS MOOT**;

2. Tyler's Motion to Compel Compliance with Order - Addendum [Docket No. 35] is **DENIED AS MOOT**; and

3. Tyler's Motion Revealing Perjury Regarding Evaluation and Good Faith Consideration [Docket No. 37] is **DENIED**.

Dated: August 24, 2006                      s / Michael J. Davis
                                            Judge Michael J. Davis
                                            United States District Court